IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
FRANK EDWIN FELLER,           )
                              )
           Plaintiff,         )      4:07CV3117
                              )
      v.                      )
                              )
MICHAEL McCARTHY and N-ZONE   )      MEMORANDUM AND ORDER
BAR & GRILL,                  )
                              )
           Defendants.        )
_____)
```

The plaintiff filed a pro se complaint and has been granted leave to proceed in forma pauperis. The plaintiff alleges he was unlawfully terminated from his employment for the N-Zone Bar & Grill owned by defendant Michael McCarty on the basis of age. He alleges the defendants' conduct violated the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb.Rev.Stat. §§ 48-1001 through 48-1010 (Reissue 1993); the Age Discrimination in Employment (ADEA), 29 U.S.C. §§ 621-634 (1994); Title 11 of the Lincoln Municipal Code; and the Equal Protection Clause of the United States Constitution. The plaintiff seeks punitive damages, and compensatory damages for his lost wages, mental anguish, and duress.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has a continuing obligation to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate, and must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Accordingly, the facts set forth in the exhibits attached to the plaintiff's complaint are also considered when assessing whether the plaintiff's suit is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

## The Pleadings

The factual basis of the plaintiff's complaint is actually set forth in plaintiff's Charge of Discrimination filed with the Lincoln Commission on Human Rights which is attached as an exhibit to his complaint. The plaintiff's Charge alleges that on September 23, 2006, he was fired from his employment at the N-Zone Bar & Grill by defendant Michael McCarty. He alleges defendant Michael McCarty owns the N-Zone Bar & Grill. The plaintiff alleges he was fifty-four years old and defendants' oldest employee when his employment was terminated. He claims he worked for the defendants for one and one-half years as a cook, but never received a raise. In June of 2006, the plaintiff allegedly told the defendants that he was planning to resign because he had not received a raise, but did not resign because the defendants threatened to withhold his pay check. The

plaintiff claims that when he asked for a raise on September 8, 2006, the defendants responded by stating they would see how the plaintiff performed over the following two weeks. At the end of that two-week period, the plaintiff was fired. The plaintiff claims his job performance was satisfactory. He claims that throughout his employment, he was required to perform duties other than cooking, including cleaning restrooms and emptying trash, while other employees were not required to perform such duties (Filing No. 1, ex. A).

The EEOC issued a Dismissal and Notice of Rights on February 23, 2007 (Filing No. 1, ex. B). The plaintiff timely filed his complaint in this court on April 26, 2007.

The plaintiff's complaint was served on the N-Zone Bar & Grill and defendant Michael McCarty on June 14, 2007. See Filing Nos. 6 & 7. On June 29, 2007, an answer was filed, pro se, stating defendant McCarty never owned the N-Zone Bar & Grill, and that Geemax, Inc., a corporation, owned the N-Zone Bar & Grill at the time of plaintiff's termination. The answer further alleges the N-Zone Bar & Grill was sold to an outside party on June 15, 2007, and it is not owned by Geemax, Inc. at this time. The answer was signed by Michael McCarty and "Patricia A. McCarty, President" of Geemax, Inc. (Filing No. 11).

The plaintiff filed a reply to the defendant's answer. The plaintiff alleges that even if defendant McCarty never owned

the N-Zone Bar & Grill, defendant McCarty remains liable to the plaintiff because defendant McCarty was the manager who unlawfully terminated the plaintiff, and Patricia McCarty is liable for Geemax, Inc.'s conduct in her capacity as sole shareholder and president of that company (Filing No. 13).

Issues Under Consideration

Under the current status of the pleadings, the following issues must be considered by the Court and parties before this litigation can proceed:

> 1. Whether the plaintiff's complaint alleges a claim for recovery under the Equal Protection Clause of the United States Constitution; and
>
> 2. Whether plaintiff's complaint alleges a claim for recovery against the named defendants under the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 et seq.; its Nebraska counterpart, the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb. Rev. Stat. §§ 48-1001 through 48-1010; and its city counterpart, Chapter 11.08 of the Lincoln, Nebraska Municipal Code.[1]

---

[1] The elements of a federal ADEA claim and a claim under the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age are the same. *Allen v. AT & T Technologies, Inc.*, 228 Neb. 503, 512, 423 N.W.2d 424, 431 (1988)(noting "we follow the lead of the federal courts" in evaluating an age discrimination claim). As applicable to the plaintiff's claim, the municipal code for the City of Lincoln mirrors the provisions of the federal and state acts. Therefore, any discussion regarding the ADEA applies with equal force to the Nebraska Act

<u>The Plaintiff's Complaint</u>

1.   Equal Protection claim.

Title 28, U.S.C. § 1983 provides a means of recovery for violations of the Equal Protection Clause against persons acting under color of state law.  The defendants are not state actors, and there is no alleged state action involved in this case.  The plaintiff cannot state a claim for relief against the defendants under the Equal Protection Clause.[2]

2.   ADEA claim.

The ADEA makes it unlawful for an "employer" "to discharge any individual" who is at least forty years old "because of such individual's age."  29 U.S.C. §§ 623(a), 631(a). To raise a prima facie case of age discrimination under the ADEA, an employee must allege he (1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger.  *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034 (8th

---

Prohibiting Unjust Discrimination in Employment Because of Age and the Lincoln Municipal Code.  These state and city laws will not be independently discussed in this memorandum and order.

[2] There is also a substantial body of law holding that ADEA's remedial scheme is sufficiently comprehensive to preclude suits for age discrimination brought under Section 1983, but the courts are divided on this issue.  *See Mustafa v. State of Nebraska Dept. of Correctional Services*, 196 F.Supp.2d 945, 955 n. 11 (D.Neb. 2002)(Kopf, J.).

Cir. 2007). The plaintiff's complaint alleges the first three elements listed above, but the plaintiff has failed to allege that he was replaced by someone substantially younger. He has therefore failed to state an ADEA claim. *See Thurber v. Nebraska,* 2006 WL 3392191, *4 n. 6 (D. Neb. 2006)(Smith Camp, J.)(noting an ADEA plaintiff who pled he was forty-two, while those hired were all under the age of forty, had not adequately alleged he was replaced by someone substantially younger than himself).

The plaintiff named and served the "N-Zone Bar & Grill" and "Michael McCarty" as defendants. Based on the plaintiff's complaint and reply, defendant McCarty, as owner of the N-Zone Bar & Grill, was allegedly the plaintiff's employer and was the person who terminated the plaintiff's employment.

An "employer" may be held liable under the ADEA for employment discrimination based on age. 29 U.S.C. § 623(a). The ADEA defines "employer" as "a person . . . who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year [and] any agent of such a person." 29 U.S.C. § 630(b). The courts have consistently held that individual supervisors and business managers are not "employers" under the ADEA. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674 (5th Cir. 2001)(holding ADEA provides no basis for individual liability of supervisory

employees); *Mason v. Stallings*, 82 F.3d 1007 (11th Cir. 1996) (holding Title VII, ADEA, and ADA do not provide for individual liability, only for employer liability); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994)(no individual liability under the ADEA); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)(no individual liability under Title VII or ADEA).  Sole individual shareholders of an employer are also not "employers" under the ADEA.  *Matheson v. Virgin Islands Community Bank, Corp.*, 297 F. Supp. 2d 819, 832 (D. V.I. 2003)(holding sole shareholder of employer bank could not be held liable under the ADEA)(relying on *Larmore v. RCP/JAS, Inc.*, 1998 WL 372647 * 3 (E.D. Pa. 1998), and *Milliner v. Enck*, 1998 WL 303725 * 2 (E.D. Pa. 1998), both Title VII cases).  *See also Matthews v. Marten Transp., Ltd.*, 354 F.Supp.2d 899, 903 (W.D. Wis. 2005).

  The plaintiff's complaint alleges Michael McCarty, the owner of plaintiff's employer, the N-Zone Bar & Grill, unlawfully terminated the plaintiff based on age.  If the plaintiff was employed by Michael McCarty, doing business as the N-Zone Bar & Grill, a sole proprietorship, the plaintiff has correctly identified the defendant.  However if, as the answer indicates, the plaintiff was employed by Geemax, Inc., a corporation solely owned by Patricia McCarty, doing business as the N-Zone Bar & Grill, and managed by Michael McCarty, the allegations of the

plaintiff's complaint and reply do not state an ADEA claim against Michael McCarty or Patricia McCarty, and the complaint does not name the plaintiff's employer, Geemax, Inc., as a defendant.

The plaintiff is the party responsible for identifying and serving the correct defendant. Based on the pleadings before the Court, that issue is in dispute. The Court cannot decide who the proper defendant is based on the facts currently of record.

The parties may move to add, substitute, or delete a defendant pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure. However, the Court cautions that no determination has been made regarding whether such a motion will be granted. The party filing such a motion must explain why the addition, substitution, or deletion is warranted. The rules applicable to filing and responding to such motions in this Court are set forth in Nebraska Civil Rule 7.1, available on the Court's website at
http://www.ned.uscourts.gov/localrules/index.html.

The defendants are advised that a corporation, partnership, or other legally created entity cannot appear pro se in the federal courts of the United States. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993). Any submission on behalf of Geemax, Inc. must be filed by a licensed

attorney. Pro se filings by Geemax, Inc. will not be considered by the Court and will be stricken from the record.

IT IS ORDERED:

1) Plaintiff's claim based on the Equal Protection Clause is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2) The plaintiff shall have until November 26, 2007, to file an amended complaint, in the absence of which this case will be dismissed without further notice.

3) The parties shall have until November 26, 2007, to file a motion to add, substitute, or delete a defendant(s), with supporting evidence and brief. See NeCivR 7.1. Motions to add, substitute, or delete a party filed after November 26, 2007, will not be considered.

4) The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 26, 2007 – deadline for filing an amended complaint and for moving to add, substitute, or delete a defendant(s).

5) Any filing on behalf of Geemax, Inc. must be signed by a licensed attorney. The clerk shall forward to the pro se law clerk any pro se documents submitted in paper format for

filing on behalf of Geemax, Inc., and the clerk shall strike any pro se electronic filings on behalf of Geemax, Inc, from the record.

DATED this 30th day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court